Cynthia Ann Salter
PO Box 955
Jerome, Arizona 86331
   **In Propia Persona**

**FILED**

APR 2 2 2010

UNITED STATES
BANKRUPTCY COURT
DISTRICT OF ARIZONA

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

In Re:
   **CYNTHIA ANN SALTER**
                    **Debtor,**

FEDERAL NATIONAL MORTGAGE ASSOCIATION
                    Movant,
         Vs.
Cynthia Ann Salter, Debtor, Russell A.
Brown, Trustee,

Respondents.

**Case No. 10-09170 PHX RJH**

**Chapter 13**

**RESPONSE IN OPPOSITION TO MOTION
TO LIFT AUTOMATIC STAY**

   **NOW COMES,** CYNTHIA ANN SALTER, (hereinafter referred to as "Debtor") In Propria Persona with Response in Opposition to FEDERAL NATIONAL MORTGAGE ASSOCIATION, (herein: FNMA)'s Motion for Relief from Automatic Stay.

1.  The motion must be denied because FNMA has no interest and no collateral to recover.  They are unsecured "alleged" creditors whose allegations are disputed.

2.  Contrary to Movant's claim, Movant has no valid claim to Debtor's property located at 19202 N. 17th Avenue, Phoenix, Arizona 85027 and has yet to stipulate whether or not [HE] "is" or "represents" the "CREDITOR".

3.  Debtor has equity in the property, legally described as: Lot 91, of Desert Valley Estates Five, According to the Plat of Record in the office of the county recorder of Maricopa County, Arizona recorded in book 174 of maps, Pg. 28.  Debtor is the sole owner of the subject property and needs the equity in order to reorganize under the proposed plan.

04/23/2010

Cynthia Ann Salter
PO Box 955
Jerome, Arizona  86331

4. Debtor now seeks 1) Continuance of the Automatic Stay to prevent Movant from removing her and other individuals from the residence, which provides a home for them within the community, and 2) an Order to enjoin Movant from the forcible removal of Debtor, the remains of her property and her residents from the subject real property until the matter is decided by the Bankruptcy Court.

5. Debtor alleges that she is the sole owner of the subject property. Debtor further alleges that on or around June 15th, 2009 she revoked the newly assigned trustee Recontrust Co., N.A.'s status as trustee and provided notice of the same; therefore, FNMA**'s** claim that they purchased debtor's property is invalid because property should not have been sold or assigned.

6. Debtor further alleges that on July 6th, 2009, she did file a federal lawsuit alleging fraud upon the court and herself as well the public of FDCPA, TILA and RESPA violations being perpetrated by Countrywide Home Loans, INC and their successor Bank of America Home Loans Servicing, LLC., et al. Moreover, Movant's allegation that they purchased debtor's property is unsubstantiated, and the production of what is described as Movant's *"Trustee's Deed upon Sale"* is insufficient to establish a right to possession because 1) Notice of Rescission was filed in the Pinal County Recorder's office and subsequently delivered to original trustee Recontrust Co, N.A., Countrywide Home Loans, Inc., Mortgage Electronic Registration Systems, Inc. and Fidelity national Title Insurance Co. on or around June 15th, 2009 with notification that its status as beneficiaries and trustees were revoked (*Exhibit A Notice of Rescission*) and 2) Movant nor his counsel have produced NO EVIDENCE that they are "indeed" holder and rightful owners of the original and genuine promissory wet ink note.

04/23/2010

Cynthia Ann Salter
PO Box 955
Jerome, Arizona 86331

7. Debtor further alleges FNMA cannot produce any evidence that they have rights to possession of the property described herein. She further claims that the Trustee and/or the Beneficiary had NO AUTHORITY to "sell", "assign" or "transfer" the above mentioned "trust property."

8. Debtor alleges that Movant is without proper standing to effectuate a seven (7) day notice under Arizona State Laws. Moreover, Debtor is Executor of the trust instrument, owner of the property and beneficiary of the trust deed; therefore, she has rightful possession of the property and entitled to the same.

9. Debtor Further alleges that around June 14th, 2009, she revoked Recontrust Co. NA's "Power of Attorney" to transfer, sell or otherwise complete transactions as trustee and provided notice of the same; therefore, Movant cannot demonstrate standing to effect authority over debtor's property. *(Exhibit B, Notice of Removal.)*

10. Debtor further alleges that she is entitled to cost associated with defense against this action.

11. Debtor further alleges that on July 6th, 2009, she did file in Federal Ninth District Court, litigation, claiming many fraudulent violations of TILA, RESPA, and FDCPA practices against Recontrust Co.NA and Countrywide Home Loans, Inc. both of which are in default at this current time.

12. Debtor further believes that Movant is without standing and is not a true "Creditor" therefore request to lift the stay must be denied.

13. Debtor further alleges that the Corporation Assignment of Deed of Trust, dated on or around October 21st, 2009 and never duly recorded was signed by Assistant Secretary, Courtney Bullard, a representative of Mortgage Electronic Registration System,

04/23/2010

Cynthia Ann Salter
PO Box 955
Jerome, Arizona 86331

Inc.(hereinafter MERS), on October 22, 2009, who also represents herself to be an Assistant Secretary for Recontrust Co. NA, and signs Movant's Trustee's Deed Upon Sale (Exhibits C and D) Therefore, the Assignment of Deed of Trust is Void on its face (and an act of Fraud on the debtor, this and other honorable courts). Because it is the Assignment of Deed of Trust that would have given Countrywide Home Loans Inc. now d/b/a Bank of America Home Loans, LLC the authority to sign the Substitution of Trustee, dated April 1, 2009 and recorded April 1, 2009, that document is also void on its face. Because it is the Substitution of Trustee that would have given Recontrust Co. NA, the authority to file the Notice of Trustee's sale, that document is also void on its face. Because it is the Notice of Trustee's sale that would have given Recontrust Co. NA, the authority to hold the Trustee's sale and ultimately sign the "Trustee's Deed Upon Sale", both of those actions are void. All of the notices regarding the trustee's sale were defective and Movant's council failed to ensure that they represented, appointed, and were retained by the real party in interest. Recontrust Co. NA, had no authority to issue any notices and/or sales regarding debtor's property because of 1) pending litigation in the Ninth District Court Arizona on Debtor's own property, and 2) because Recontrust Co. NA is not and was not the real party in interest. Tiffany & Bosco had a duty to exercise due diligence and good faith in the filing of their Forcible/Special Detainer Complaint. Debtor alleges that Tiffany & Bosco had no authority to bring this or any action, therefore, until it is proven that FNMA, is the "true" Creditor their request to lift the Automatic Stay must be denied.

14.    The Trustee Sale took place during pending litigation in

04/23/2010

Federal Ninth District Court against the original lender Countrywide Home Loans, Inc. Movant's attorney, Tiffany & Bosco, was well aware of the pending Federal lawsuit regarding proper title and ownership as they were noticed during a forcible detainer action against debtor in November, 2009.

15. Debtor was NOT noticed of the "Corporation Assignment of Trustee" or "Trustee's Sale" until AFTER Tiffany & Bosco filed a forcible detainer action against her on or around November 23, 2009 which was "posted" on her lawful property after theft and other violations of the law was executed regarding Debtor's lawful personal property in October 2009 through persons having no authority to act for and in behalf of Debtor.

16. If this Bankruptcy Court does not act to protect Debtor from the danger of losing her interest in the subject property, residents and business, Debtor will suffer irreparable damage.

17. Forcible removal from the residence will result in the extinction of much needed income for the Debtor's family, and forcible removal would make it improbable for Debtor to successfully complete the reorganization plan. Because the residence is a main source of income for the Debtor and her family.

18. If the Bankruptcy Court does not continue the Automatic Stay, income will be lost, customers displaced and family harshly affected. Pursuant to 11 USC §362(c)(3), the Bankruptcy Court has jurisdiction to issue a continuance of the Automatic Stay of all proceedings as requested herein and to ensure protection of the subject property.

19. Moreover, a stay of the forcible detainer action would not cause irreparable harm to the Movant, as the property is still intact and its value has remained constant with the exception of the

04/23/2010

damages incurred during Tiffany & Bosco's unlawful "Cash for Keys" deal negotiated between them and a former "room-only" tenant and friends who were paid by Movant's council to remove Debtor unlawfully from her own property. It is contrary to public interest to allow the Debtor's forcible removal from the subject property, because this residence is home to others. It is the primary income for the Debtor's family. Therefore a stay of the forcible detainer action is appropriate pending the outcome in this bankruptcy case.

20.      The original lender was Countrywide Home Loans, Inc. When it was claimed that Debtor was delinquent it decided to foreclose. Since Recontrust Co. NA, was not the beneficiary on the deed of trust, Debtor believes that the deed of trust was forged. Although many formal written demands and requests have been made, the alleged Creditor, FNMA, has purchased a fraudulent Deed of Trust and has yet to prove that it is the real party in interest or holder of the original and genuine promissory note. On June 15th, 2009, Debtor exercised her right as "Trustor" to rescind, cancel, and revoke the deed trust and timely noticed Recontrust Co. NA and Countrywide Home Loans Inc.

### DENIAL OF RELIEF FROM STAY – CAUSE

### "ALLEDGED" CREDITOR HAS NO INTEREST IN SUBJECT PROPERTY DUE TO A FRAUDULENT

### PRE-PETITION FORECLOSURE SALE

22. As every action must be prosecuted in the name of the real party in interest, Debtor is contesting the status of the Movant. Pursuant to Arizona Revised Statutes (A.R.S.) Section 33-804, *The statutory scheme is designed to insure the identities of the beneficiaries and the authority of trustees can be ascertained from exam of the record.*

Under a Deed of Trust, the trustee holds a power of resale permitting her to call the property out of court with no necessity

Cynthia Ann Salter
PO Box 955
Jerome, Arizona 86331

of judicial action. The Deed of Trust statute strips the borrower of many of the protections available under a mortgage. Therefore, Lender must strictly comply with the Deed of Trust.

Pursuant to A.R.S. Section 33-801, *A Trustee Deed or Deed of Trust, means a deed executed in conformity with this chapter.* In A.R.S. Section 33-721. *Deeds of Trust not included in the definition of Deed of Trust provided …shall be foreclosed by action in a court.*

23. Due to said nonconformity, the Unsecured "alleged" Creditor has no right to possession or relief from the automatic stay. Accordingly, as a genuine dispute of material fact exists "alleged" Creditors must produce the original blue ink note to prove they have standing. If standing were to be proved by production of the original blue ink note, Creditor would then as a matter of law need to start the foreclosure process from the beginning, judicially.

**CONCLUSION**

1) The alleged Trustee Sale took place while Federal litigation existed on the property. Movant's council had actual notice of the pending Federal lawsuit regarding proper title and ownership as it was noticed during the "forcible detainer case" in Superior Court.

2) The Beneficiary of record, Mortgage Electronic Registration Systems, Inc.(hereinafter MERS), is a privately held company that controls a confidential electronic registry designed to serve as the "beneficiary" of record in the public land records as nominee for the original lender Countrywide Home Loans, Inc. its successors and assigns of "Deed of Trust" for the State of Arizona. In MERS, tracking of Deeds of Trust/Mortgages and the changes in servicing rights and ownership of said, MERS has been involved in hundreds of individual lawsuits all over the United States. In a recent Kansas Supreme Court ruling, *Landmark National Bank v.*

04/23/2010

Cynthia Ann Salter
PO Box 955
Jerome, Arizona 86331

*Kessler,* 2009 Kan. LEXIS 834 (Aug 28, 2009) the Supreme Court found in effect that MERS lacked standing in any foreclosure action. The splitting of the promissory note and Deed of Trust through securitization, created an immediate and fatal flaw, rendering the note and the security invalid.

3) Moreover, "irreparable injury is suffered when monetary damages are difficult to ascertain or are inadequate." *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.,* 22 F.3d 546, 551 (4th Cir.1994) (quoting *Danielson v. Local 275,* 479 F.2d 1033, 1037 (2d Cir.1973). The Fourth Circuit noted that, "Where the harm suffered by the moving party may be compensated by an award of money damages at judgment, courts generally have refused to find that harm irreparable." *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.,* 17 F.3d 691, 694 (4th Cir.1994). However, "[W]hen the failure to grant preliminary relief creates the possibility of permanent loss of customers to a competitor or the loss of goodwill, the irreparable injury prong is satisfied." *Merrill Lynch, Pierce, Fenner & Smith v. Bradley,* 756 F.2d 1048, 1055 (4th Cir.1985). The Fourth Circuit has also noted that, "[E]ven where harm could be remedied by money damages at judgment, irreparable harm may still exist where the moving party's business cannot survive absent a preliminary injunction." *Hughes,* 17 F. 3d at 694. In this case, Debtor's business is housed in the property at issue. Debtor alleges that without an extension of the Automatic Stay, Debtor will be irreparably damaged by the pending forcible detainer action. LIFTING THE STAY could result in the relocation of the debtor's family and others who reside in the property at issue. Debtor argues that this facility is the majority income for debtor's family and losing the properties would entail the loss of regular and recurring customers, goodwill, as well as lost business opportunities resulting from the need to vacate and relocate. Forcible removal would, "be traceable to an action by Movants which the court could

04/23/2010

Cynthia Ann Salter
PO Box 955
Jerome, Arizona 86331

prevent by the exercise of its remedial powers." *Little Earth of United Tribes, Inc. v. United States Dept. of Housing and Urban Development,* 584 Fed. Supp. 1287, 1289 (D.C. Minn. 1983). In *Little Earth Tribes,* the District Court held that a residents' council had standing to seek an injunction against a foreclosure sale. *Id.* The Court stated that, "The question is not ⋯ whether the tenants will be better off if foreclosure occurs; the question is, rather, if the threatened injury occurs, i.e., foreclosure and eviction, will it be traceable to an action by defendants which the court could prevent by the exercise of its remedial powers?" *Id.* The same principle applies in the instant case. The property in question is occupied by family and other individuals who are indirectly involved in this litigation. Debtor submits to the court that to allow the "alleged" Creditors to proceed with the forcible detainer and foreclosure and sale of this property would present a hardship to the community as well as to the individuals who reside therein.

4) Additionally, Debtor is entitled to the relief demanded to the extent that the court must restrain the commission or continuance of acts complained of, specifically, sale and/or entry to remove Debtor from the properties, removal of private and personal items and damage to title of the properties. The commission or continuance of Movant's present course of action will produce great or irreparable injury, in that Debtor has filed her Emergency Motion for Continuance of the Stay within the required time frame pursuant to 11 USC §362(c)(3) to prevent permanent damage to the present title to Debtor's property, otherwise, Debtor is without recourse and the ability to successfully complete her reorganization plan.

WHEREFORE, Debtor requests,

        1. Extension of the Automatic Stay until this case is concluded.

04/23/2010

Cynthia Ann Salter
PO Box 955
Jerome, Arizona 86331

2. Valid proof Movant is Creditor and true party in interest by production of the Original Genuine Note with Allonge front and back.

By: *Cynthia Ann Salter*

Cynthia Ann Salter, Debtor

**SERVICE LIST**

Federal National Mortgage Association
c/o Tiffany and Bosco
2525 East Camelback Rd., Suite 300
Phoenix, AZ 85016

**CHAPTER 13 TRUSTEE**
Russell A. Brown
3838 N. Central Ave.
Suite 800
Phoenix, AZ 85012-1965

dated 4/22/2010

04/23/2010

## NOTICE

Subject: **Rescission of Signatures**

To: **COUNTRYWIDE HOME LOANS, AS LENDER, ITS SUCCESSORS AND ASSIGNS; FIDELITY NATIONAL TITLE INSURANCE CO. AN ARIZONA CORPORATION AS PREVIOUS TRUSTEE, RECONTRUST COMPANY, N.A. AS CURRENT TRUSTEE AND ITS SUCCESSORS AND ASSIGNS, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS AS BENEFICIARY AND ITS SUCCESSORS AND ASSIGNS.**

On or about Ocotober 25, 2005 I, Cynthia Ann Salter, a living soul, was coerced, deceived and defrauded by acts of non-disclosure and enticed to put my signature on forms and other documents referred to as **DEED OF TRUST/SECURITY/ NOTE/ PURCHASE AGREEMENT # 20051718715.**

Due to the act of NON-Disclosure, Misrepresentation and for reasons state herein and above makes any agreement VOID. I hereby rescind any and all signatures that I may have placed on any and all forms, documents, contracts, Power of Attorney and the like, acted upon on or about October 25, 2005 and forward to present date.

All unconscionable contracts are subject to rescission under the common law and Admiralty Law for failure to make the proper disclosure in constitute an acceptance where there is no meeting of the minds there is no contract as required by §226.23(b)(1) regarding Notice of Right to Rescind as set forth in **In re Pearl Maxwell v. Fairbanks Capital Corporation, 281 B.R. 101.(2002).** The U.C.C addresses unconscionability in §2-302. I waive and reject any and all benefits expressed or implied arising from any such signatures, all resulting contracts, agreements, appointments of trustee(s) or trust resulting from force, deceit, under threat of arms, involuntary servitude and peonage, committed against ourselves.

*Cynthia Ann Salter*

UCC 1-308 without prejudice/without recourse
Cynthia Ann Salter

### Acknowledgment

State of Arizona          )
                          )
County of Maricopa        )

Subscribed and sworn to (or affirmed) before me on this _15_ day of June, 2009 by
_Cynthia Ann Salter_, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (seal)

My commission expires: _Nov 18, 2012_

SERGIO A. FUENTES
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Commission Expires
November 18, 2012

# NOTICE OF REMOVAL OF TRUSTEE(S)

**To: ALL RESPONDENTS ADDRESSED ABOVE**

**TRUSTOR(s)/GRANTOR(s): CYNTHIA ANN SALTER** does hereby give reference to the Deed of Trust drawn and executed by **CYNTHIA ANN SALTER,** as Trustor(s)/Grantor(s)/Creator(s) with further given to the following described real property situated in:

> **LOT 91, OF DESERT VALLEY ESTATES FIVE, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED BOOK 174 OF MAPS, PAGE 28; APN: 209-13-682**

**The street address or other common designation, if any, of the real property described above is purported to be: 19202 NORTH 17 AVENUE, PHOENIX, ARIZONA 85027**

**GRANTOR(s)/TRUSTOR(s): CYNTHIA ANN SALTER by actual and Constructive Notice does hereby declare:**

1) **Effective Immediately,** the undersigned **CYNTHIA ANN SALTER** forever removes/releases/discharges all "Trustees, Successor Trustees, Substituted Trustees, Agents, Servicers, Assigns, Transfers, known and unknown, including: COUNTRYWIDE HOME LOANS, INC. ITS SUCCESSORS AND ASSIGNS; RECONTRUST COMPANY, Inc. ITS SUCCESSORS AND ASSIGNS; FIDELITY NATIONAL TITLE INSURANCE COMPANY, ITS SUCCESSORS AND ASSIGNS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, Inc, ITS SUCCESSORS AND ASSIGNS existing under the laws of Delaware; and thereby removing and terminating the same from any and all duties forever barring and stopping the aforesaid from any further appointments or assignments originally granted or contained within the Deeds of Trusts concerned herein.

2) **Effective immediately,** the undersigned CYNTHIA ANN SALTER forever revokes/cancels/voids/rescinds any and all duties appointments or assignments originally granted by the Revocation of Power of Attorney, Authority or otherwise granting and or signatures, including, but not limited to: COUNTRYWIDE HOME LOANS, INC. and any successors and assigns addresses named above as well as any unknown and not named above; thereby removing and terminating the same from all duties and forever barring and stopping the aforesaid of any further appointment of any and all Trustees, Successor Trustees, "Substitutes" or "Beneficiary(s)".

04/23/2010

LET IT BE KNOWN that all the above mentioned: Trustee, Successor Trustee(s), Beneficiary(s), Assigns, Substitutes, known or unknown in clauses 1 and 2 above are hereby directed to immediately CEASE and DESIST any further actions through said appointments/assignments granted in or from original Record No. 20051718715 dated OCTOBER 25, 2005. Any such continued or further action by ANY of the above named parties may result in legal actions against them.

BE it Further known, GRANTOR(S), TRUSTOR(S): CYNTHIA ANN SALTER does hereby declare that: Effectively immediately, all duties and benefits of "Trustee" and "Beneficiary" as set forth in the original Deed of Trust, are hereby reassigned to Beneficiary(s) ELIZABETH D. BAUMER. (Trustee(s), CYNTHIA ANN SALTER.

## ACTUAL AND CONSTRUCTIVE NOTICE

All trustee(s), Successor Trustee(s) and Beneficiary(s) named in the Deed of Trust as Trustor(s) dated OCTOBER 25, 2005, and recorded NOVEMBER 14, 2005 under original Deed of Trust Instrument No. 20051718715 ARE hereby Removed/ Released/ Dismissed of all duties, expressed or implied, effective immediately. The aforesaid trustee(s), Successor Trustee(s), and Beneficiary(s) are expressly directed to CEASE and DESIST any further duties and action of said appointment(s) and or assignment(s), including debt collection and any foreclosure actions under any number. Any continued actions of any nature against the property described above may result in legal actions being taken.

*Cynthia Ann Salter*

UCC/1-308 without prejudice/without recourse

CYNTHIA ANN SALTER

## ACKNOWLEDGMENT OF REMOVAL OF TRUSTEE(S)

State of Arizona                              )
                                              )
County of Maricopa                            )

Subscribed and sworn to (or affirmed) before me on this 15 DAY of June 2009 by Cynthia A. Salter. , proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Notary: _____

UCC 1-308 without prejudice/without recourse

My commission expires: 11/18/12


SERGIO A. FUENTES
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Commission Expires
November 18, 2012

04/23/2010

**First American Title**

RECORDING REQUESTED BY:
RECONTRUST COMPANY
**AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENTS TO:**
BAC Home Loans Servicing, LP
400 COUNTRYWIDE WAY  SV-35
SIMI VALLEY, CA  93065

TS No. 09-0041101
**TITLE ORDER#:  4069561**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## CORPORATION ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, THE UNDERSIGNED HEREBY GRANTS, ASSIGNS AND
TRANSFER TO:

**Federal National Mortgage Association**

ALL BENEFICIAL INTEREST UNDER THAT CERTAIN DEED OF TRUST DATED 10/25/2005,
EXECUTED BY: CYNTHIA ANN SALTER, AN UNMARRIED WOMAN, TRUSTOR: TO
FIDELITY NATIONAL TITLE INSURANCE CO. AN ARIZONA CORPORATION, TRUSTEE
AND RECORDED AS INSTRUMENT NO. 20051718715 ON 11/14/2005, IN BOOK N/A, PAGE
N/A, OF OFFICIAL RECORDS IN THE COUNTY RECORDER'S OFFICE OF MARICOPA
COUNTY, IN THE STATE OF ARIZONA.

**LOT 91, OF DESERT VALLEY ESTATES FIVE, ACCORDING TO THE PLAT OF RECORD
IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA,
RECORDED IN BOOK 174 OF MAPS, PAGE 28.**

TOGETHER WITH THE NOTE OR NOTES THEREIN DESCRIBED OR REFERRED TO, THE
MONEY DUE AND TO BECOME DUE THEREON WITH INTEREST, AND ALL RIGHTS
ACCRUED OR TO ACCRUE UNDER SAID DEED OF TRUST/MORTGAGE.

DATED:  October 21, 2009

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

BY: *Courtney Bullard*

State of: _____ Texas _____ )
County of: _____ Dallas _____ )

Courtney Bullard , Assistant Secretary

On _OCT 2 2 2009_ before me _____ Shameca L. Harrison _____, personally appeared
, know to me (or proved to me on the oath of
_____ Courtney Bullard   Assistant Secretary _____ ) to be the person whose name is subscribed to the
or through _____
foregoing instrument and acknowledged to me that he/she executed the same for the purposes and
consideration therein expressed.
Witness my hand and official seal.

_____
Notary Public's Signature

*[Notary Seal: NOTARY PUBLIC — SHAMECA L HARRISON — My Commission Expires August 13, 2012 — STATE OF TEXAS]*

*Form invasgn (10/02)*

OFFICIAL RECORDS OF

Unofficial
Document

EX-D

First American Title

RECORDING REQUESTED BY:
BAC Home Loans Servicing, LP
2380 Performance Dr, TX2-985-07-03
Richardson, TX  75082
WHEN RECORDED MAIL TO:
BAC Home Loans Servicing, LP
2380 Performance Dr, TX2-985-07-03
Richardson, TX  75082
TS No. 09-0041101
Title Order No. 4069561
APN No. 209-13-682

## TRUSTEE'S DEED UPON SALE ARIZONA

The undersigned grantor declares:
The amount of the unpaid debt together with costs was $180,076.04.
The amount paid by the grantee at the trustee's sale was $180,076.04.
The documentary transfer tax is $_____ The Grantee was/was not the foreclosing
beneficiary.

RECONTRUST COMPANY, N.A., as the duly appointed Trustee (or successor Trustee or substituted
Trustee), under a Deed of Trust referred to below, and herein called Trustee, does hereby grant without
covenant or warranty to:

FEDERAL NATIONAL MORTGAGE ASSOCIATION

the real property, situated in the County of Maricopa, State of Arizona describe as follows:

### SEE ATTACHED LEGAL DESCRIPTION

This conveyance is made pursuant to the power of sale, conferred upon SUCCESSOR TRUSTEE by
the Deed of Trust, dated 10/25/2005 made by CYNTHIA ANN SALTER, AN UNMARRIED
WOMAN, as TRUSTOR(S), FIDELITY NATIONAL TITLE INSURANCE CO. AN ARIZONA
CORPORATION, as TRUSTEE, in which MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., is named as BENEFICIARY and recorded on 11/14/2005, as Instrument Number
20051718715, Book N/A, Page N/A, in the office of the county recorder of Maricopa, and after
fulfillment by the SUCCESSOR TRUSTEE of the conditions specified in said Deed of Trust, and in
compliance with the laws of the State of Arizona. Trustee or Successor Trustee having complied with
all applicable statutory provisions and having performed all of the required duties under said Deed of
Trust including posting, publishing, recordation of all necessary documents.
Said property was sold by the SUCCESSOR TRUSTEE at public auction on 10/15/2009, in the County
of Maricopa in which said property is situated.  Grantee, being the highest bidder at such sale, became
the purchaser of said property and made payment therefore to said SUCCESSOR TRUSTEE of the
amount bid, namely $180,076.04.

*Form aztd (08/06)*

DATED: October 21, 2009

EXEMPT UNDER ARS 11-1134-B-1

RECONTRUST COMPANY, N.A.

Successor Trustee

By: _____
Courtney Bullard    Team Member
Assistant Secretary

State of: _____ ~~Texas~~ )
County of: _____ ~~Dallas~~ )

On  OCT 2 2 2009  before me _____ Shameca L. Harrison _____, personally appeared
Courtney Bullard
Assistant Secretary
, know to me (or proved to me on the oath of
_____ ) to be the person whose name is subscribed to the
or through
foregoing instrument and acknowledged to me that he/she executed the same for the purposes and
consideration therein expressed.
WITNESS MY HAND AND OFFICIAL SEAL.

_____
Notary Public's Signature

SHAMECA L HARRISON
My Commission Expires
August 13, 2012

Shameca Harrison                    Aug. 13, 2012

Form aztd (08/06)

04/23/2010